IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| Angela James, f/k/a Arnold, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 2153 |
| Credit Control, LLC, a Missouri limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Angela James, f/k/a Arnold, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Angela James, f/k/a Arnold ("James"), is a citizen of the State of Illinois, residing in the Central District of Illinois from whom Defendant continued to attempt to collect a delinquent consumer debt she owed to Ameritech/Non Prime credit card ("Ameritech"), despite the fact that she had demanded, through the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois, that Defendant cease its collection actions.

4. Defendant, Credit Control, LLC, ("Credit Control"), is a Missouri limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Credit Control operates a nationwide collection agency and collects debts from consumers in virtually every state, including the State of Illinois. Moreover, Credit Control was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. James.

5. Defendant Credit Control is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Credit Control conducts business in Illinois.

6. Moreover, Defendant Credit Control is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Credit Control acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. James is a disabled woman, with limited assets and income, who fell behind on paying her bills. When Defendant Credit Control began trying to collect a delinquent Ameritech debt from Ms. James, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Credit Control's collection actions.

8. On September 15, 2009, one of Ms. James' attorneys at LASPD told Credit Control, in writing, to cease all further collection actions because Ms. James was

represented by counsel, and directed Credit Control to cease contacting her and to cease all further collection activities because Ms. James was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, on March 2, 2010, Defendant Credit Control sent a collection letter, directly to Ms. James demanding payment of the Ameritech debt.  A copy of this letter is attached as Exhibit D.

10. Accordingly, on April 21, 2010, one of Ms. James' LASPD attorneys had to again write to Defendant Credit Control to demand that it cease collection of the debt.  Copies of this letter and fax confirmation are attached as Exhibit E.

11. All of Defendant Credit Control's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Credit Control's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.     Here, the letter from Ms. James' agent, LASPD, told Defendant Credit Control to cease communications and cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment, Defendant Credit Control violated § 1692c(c) of the FDCPA.

16.     Defendant Credit Control's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant Credit Control knew that Ms. James was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant Credit Control to cease directly communicating with Ms. James.  By directly sending Ms. James the collection letter (Exhibit D), despite being advised that she was represented by counsel, Defendant Credit Control violated § 1692c(a)(2) of the FDCPA.

20.     Defendant Credit Control's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Angela James, f/k/a Arnold, prays that this Court:

1. Find that Defendant Credit Control's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff James, and against Defendant Credit Control, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Angela James, f/k/a Arnold, demands trial by jury.

Angela James, f/k/a Arnold,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: July 16, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com